## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Correctional Medical Care, Inc., et al.,        :

            **Plaintiffs**           :

                v.             :       **C.A. No. 2:07-CV-02840-WY**

J. Douglas Gray, et al.,             :

            **Defendants.**        :

## ORDER

AND NOW, this      day of            , 2008, upon consideration of Defendant Karen Z. Gray's Motion to Quash Subpoenas and for a Protective Order, it is hereby ORDERED that Defendant Karen Z. Gray's Motion to Quash Subpoenas and for a Protective Order is GRANTED. The subpoenas plaintiffs have issued in this matter are QUASHED, and no discovery may be taken of or concerning Mrs. Gray pending further Order from the Court.

BY THE COURT:

_____

Yohn, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Correctional Medical Care, Inc., et al., | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | C.A. No. 2:07-CV-02840-WY |
| | : | |
| J. Douglas Gray, et al., | : | |
| | : | |
| **Defendants.** | : | |

## MOTION OF DEFENDANT KAREN Z. GRAY
## TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER

Defendant Karen Z. Gray, by and through her undersigned counsel, hereby moves to quash the subpoenas issued by plaintiffs and for a protective order prohibiting any discovery against or concerning her pending resolution of her Motion to Dismiss for Lack of Personal Jurisdiction. In support of this motion, Mrs. Gray relies on the accompanying memorandum of law.

Respectfully submitted,

/s/ David H. Pittinsky
David H. Pittinsky (I.D. No. 04552)
John C. Grugan (I.D. No. 83148)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Defendant
Karen Z. Gray

Dated: January 10, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| Correctional Medical Care, Inc., et al., | : | |
| Plaintiffs | : | |
| v. | : | C.A. No. 2:07-CV-02840-WY |
| J. Douglas Gray, et al., | : | |
| Defendants. | : | |

## DEFENDANT KAREN Z. GRAY'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER

## I.    INTRODUCTION

On September 7, 2007, defendant Karen Z. Gray moved to dismiss plaintiffs' complaint for lack of personal jurisdiction. Notwithstanding the pendency of this motion, and the fact that the Court has not authorized any discovery, plaintiffs have served document requests on Mrs. Gray and issued subpoenas to Mrs. Gray's credit card companies, airline, travel agent, and phone and internet providers. This purported discovery is both premature and unauthorized by the Court. Indeed, this discovery is so clearly inappropriate at this stage that it further demonstrates that Mrs. Gray, the true victim in this case, has been sued for the exclusive purpose of harassing her. For these reasons, Mrs. Gray respectfully requests entry of the attached Order quashing the subpoenas plaintiffs issued and granting a protective order.[1]

---

[1]    On January 8, 2007, counsel for Mrs. Gray requested that plaintiffs' counsel withdraw the document requests and subpoenas plaintiffs served. Plaintiffs' counsel refused. *See* Certfication of Counsel and 1/9/08 Ltr. from Grugan to Myers collectively attached hereto as Exhibit A.

## II.    RELEVANT BACKGROUND

Mrs. Gray, who has been in Pennsylvania only on one unrelated occasion, moved to dismiss the claims against her for lack of personal jurisdiction because it is clear that the Court (i) cannot exercise general personal jurisdiction over her and (ii) cannot exercise specific personal jurisdiction over her given that she never retained nor directed Jim Miller, the private investigator whose conduct is at issue here.  The Court held a conference on October 4, 2007, but at no time before or after the Court's conference has the Court authorized discovery.

Nevertheless, on December 26, 2007, counsel for Mrs. Gray received plaintiffs' First Request for Production of Documents and Things Directed to Defendant Karen Z. Gray, and, on December 28, 2007, Mrs. Gray's counsel received copies of subpoenas directed to Verizon Wireless, Chase Bank, Visa Inc., Southwest Airlines, US Cellular, T. Mobile, Sprint Nextel Corporation, Sato Travel, and American Express Travel Services.  The overwhelming majority of the document requests and subpoenaed documents are directed to merits discovery. For example, plaintiffs seek from Mrs. Gray:

> 1.      All documents relating to plaintiffs.
>
> 3.      All documents relating to your telephone records, bills, and/or account histories from March 1, 2007 to August 1, 2007, including your cellular telephones, home telephones, business telephones, pagers and any "Blackberry," portable electronic device or other electronic transmission device.
>
> 5.      All statements, bills, and/or account histories for all credit cards owned, used, held, or possessed by any Defendants between March 1, 2007 to August 1, 2007.
>
> 8.      All documents relating to National Investigators & Security Agency, Richard L. Grove, Lynne Bagley, Carlos Rodriguez, Roy L. Walker, Robert Mann Worldwide Intelligence, Worldwide Intelligence Network, Wincor, Robert Mann, Darrell Roth and/or John Drake or any other investigators, detective or security businesses or persons, or to any persons who conducted any

surveillance, investigation, background checks or other security or investigation services.[2]

9. All documents relating to any payments by Everett Smith Group, Braydon Partners, LLC or GGW Management Partners, LLC, and/or to their subsidiaries, affiliates, employees, officers or directors to Defendants James J. Miller and/or Investigative Services Agency, Inc., National Investigators & Security Agency, Richard L. Grove, Lynne Bagley, Carlos Rodriguez, Roy L. Walker, Robert Mann Worldwide Intelligence, Worldwide Intelligence Network, Wincor, Robert Mann, Darrell Roth and/or John Drake or to any other investigators, detective or security businesses or persons, or to any persons who conducted any surveillance, investigation, background checks or other security or investigation services.[3]

10. All statements, bills, and/or account histories for all bank accounts owned, possessed, and/or held by Defendants.

11. All documents relating to any lawsuits, litigation, judgments, complaints or other disputes against you or any of the Defendants.

14. All documents relating to insurance polices for you or any of the Defendants and/or any correspondence relating thereto, including any reservation of rights.

16. All documents relating to any expert reports relating to this action.

(Plaintiffs' First Request for Production of Documents and Things Directed to Defendant Karen Z. Gray attached hereto as Exhibit B.)

Similarly, the subpoenas plaintiffs served demand from each subpoenaed company all documents relating to Mrs. Gray in each subpoenaed company's possession. (*See* Subpoenas attached collectively as Exhibit C.) In addition, the subpoenas directed to Chase and

---

[2] None of the individuals or organizations identified in this request are parties to this action.

[3] Mrs. Gray is not an officer, director, or employee of any of the companies identified in this request.

Visa specifically identify account numbers (these account numbers have been redacted in the copies of the subpoenas filed with the Court) and the subpoenas directed to Verizon, Sprint, F-Mobile, and US Cellular identify phone numbers (which counsel has also redacted).

## III.   ARGUMENT

Mrs. Gray is plainly entitled to an order quashing plaintiffs' subpoenas and prohibiting further discovery pending resolution of Mrs. Gray's motion to dismiss. Under Rule 26(c)(1)(A), a protective order may be entered where, for good cause shown, it is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). Similarly, under Rule 45(c)(3)(A), a motion to quash should be granted where, on timely motion, a subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).

Rule 26(c)(1)(A)'s and Rule 45(c)(3)(A)'s standards are easily met here. Plaintiffs are plainly and prematurely seeking merits discovery. Courts routinely grant motions to stay similar discovery requests pending resolution of motions to dismiss for lack of personal jurisdiction. For example, the Court in *Norfolk Southern Railway Co. v. Power Source Supply, Inc.*, 2007 WL 709312 (W.D. Pa. March 5, 2007) held:

> The Court possesses broad discretion to control the scope of discovery. . . Although a motion to dismiss does not automatically constitute good cause, where it "may dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to stay.". . . [W]here as here, an objection to the Court's jurisdiction made under Rule 12 might compel the dismissal of an entire action, the Court finds that considerations of fairness and efficiency suggest the prudence of limiting discovery to those facts necessary to resolve the motion. Because the Parties in this matter have fully briefed the jurisdiction issue and await only the Court's ruling, discovery in this case shall be stayed and Defendant protected from the requests that Plaintiff has already propounded.

*Id.* at *2. *See also, e.g., Estate of Nunez-Polanco v. Bock Toyota, Inc.*, 2004 WL 2063406 (D. Conn. July 21, 2004); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Col. 2001) ("When a defendant raises jurisdictional objections, the Court may stay discovery proceedings generally and limit discovery to matters relevant to the court's jurisdiction . . . . Courts in other circuits have routinely stayed discovery on the merits altogether while challenges to jurisdiction are pending."); *Ameritel Inns v. Moffat Bros. Plastering, L.C.*, 2007 WL 1792323 (D. Idaho June 20, 2007) (staying all discovery other than Rule 26 disclosures); *Thypik Stell Co. v. Dinbakroft, Ltd.*, 1998 WL 912100, at *7 (S.D.N.Y. Dec. 30, 1998), *affirmed*, 215 F.3d 273 (2nd Cir. 2000). As each of these decisions shows, courts do not permit the type of merits discovery plaintiffs seek here. As Mrs. Gray has already demonstrated at length in her motion to dismiss and supporting memoranda, no discovery is necessary here to resolve her motion to dismiss for lack of personal jurisdiction. As a result, and consistent with *Norfolk Southern* and the other authorities cited above, the Court should quash the subpoenas plaintiffs issued and enter a protective order staying all discovery pending resolution of her motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons, Mrs. Gray respectfully requests that the Court grant her motion to quash the subpoenas plaintiffs issued and issue a protective order pending resolution of her motion to dismiss for lack of personal jurisdiction.

Respectfully submitted,


/s/ David H. Pittinsky
David H. Pittinsky (I.D. No. 04552)
John C. Grugan (I.D. No. 83148)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Defendant
Karen Z. Gray


Dated:  January 10, 2008

EXHIBIT A

## <u>CERTIFICATION OF COUNSEL</u>

I certify that I have made a good faith effort to confer with plaintiffs' counsel in an effort to resolve this discovery dispute without involving Court action, but as evidenced by the letter (attached as Exhibit A), plaintiffs' counsel has refused to withdraw plaintiffs' discovery.

_____
John C. Grugan

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

1735 MARKET STREET, 51st FLOOR
PHILADELPHIA, PENNSYLVANIA 19103-7599
215-665-8500
FAX: 215-864-8999
WWW.BALLARDSPAHR.COM

BALTIMORE, MD
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

JOHN C. GRUGAN
DIRECT DIAL: 215-864-8226
PERSONAL FAX: 215-864-9506
GRUGANJ@BALLARDSPAHR.COM

January 9, 2008

Timothy T. Myers, Esquire
Elliott Reihner & Siedzikowski, P.C.
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422

        Re:   <u>Correctional Medical Care, Inc., et al. v. J. Douglas Gray, et al.</u>

Dear Tim:

        I write to confirm our conversation yesterday in which you stated that you would not withdraw the discovery and subpoenas you recently served.

        Sincerely,

        John C. Grugan

JCG/flp

EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Correctional Medical Care, Inc., et al. | : | |
| Plaintiffs | : | |
| v. | : | C.A. No. NO. 2:07-CV-02840-WY |
| J. Douglas Gray, et al. | : | |
| Defendants. | : | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS DIRECTED TO DEFENDANT KAREN Z. GRAY

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs Correctional Medical Care, Inc., Emre Umar, and Maria Umar hereby request that Defendant Karen Z. Gray produce documents and things responsive to the following document requests within thirty (30) days after the date hereof.

## I.      GENERAL INSTRUCTIONS

1.      These Requests for Production are continuing in character so as to require you to provide supplementary responses as required by the Federal Rules of Civil Procedure and/or when you come into possession of documents or things responsive to this production which have not previously been supplied. Such supplemental production is to be made as soon as reasonably possible after the documents and things are obtained. The date such additional documents or things came into your possession and the identity of the individuals who furnished such additional documents or things to the person making production shall be specified.

2.      Each Request for Production is to be responded to in writing.

3.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; the masculine form of a noun or pronoun shall be considered to include also within its meaning the feminine and the neuter forms of the noun or pronoun, and vice versa; and the use of any tense of any verb shall be considered to

include also within its meaning all other tenses of the verb. Each such instance shall be construed so as to require the most inclusive production of documents.

4. Whenever the expression "and/or" is used in these Requests for Production, the information called for should be set out both in the conjunctive and the disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

5. Whenever these Requests for Production contain separately numbered or lettered subparagraphs, a response should be furnished to each subparagraph.

6. If you object to any portion or aspect of production, produce all documents and things responsive to the remainder.

7. If your response to any Requests for Production is that the documents or things are not in your possession, custody or control, describe in detail the efforts you made to locate the documents or things and identify who has control and the location of same. Without limitation of the terms "control" or "custody" as used in the preceding sentence, a document or thing is deemed to be in your control or custody if you have the legal right to obtain the document or thing sought, or a copy thereof, from another person or public or private entity having actual possession thereof. If your response to any Request for Production is that any document or thing is no longer in your custody or control, for each such document or thing, set forth: (i) a brief statement of the general nature of the contents; (ii) the identity of the person(s) who prepared the same; (iii) the place where the same was prepared; (iv) the date of preparation; (v) if the document or thing was directed to another person, the identity of the addressee; (vi) the identity of the person or persons presently in possession of the original and/or copies; and (vii) the title of the document or thing. If other information is not available, state whether the document or thing is: (i) missing or lost; (ii)

destroyed; (iii) transferred voluntarily or involuntarily to others, in which case you must identify the present custodian; and/or (iv) otherwise disposed of. In each instance, explain and identify the authorization of such procedure and state the date thereof.

8.     If you do not produce a document or thing in whole or in part identified or requested to be identified or produced herein, state in detail your reason for withholding same, including for any claim of privilege, in the manner set forth in Section III below.

9.     Unless otherwise requested, each Document Request seeks documents from January 1, 2000 to the present.

## II.     DEFINITIONS

1.     "You" or "your" shall mean the Defendant/recipient of this Document Request and any of its attorneys, agents, employees, parent, subsidiary or affiliated corporations and/or any entity or person acting or purporting to act on its behalf.

2.     "Defendants" shall mean Defendants James J. Miller, Investigative Services Agency, Inc., J. Douglas Gray and Karen Z, Gray, their attorneys, agents, employees, parent, subsidiary or affiliated corporations and/or any entity or person acting or purporting to act on their behalf.

3.     "Plaintiffs" shall mean Correction Medical Care, Inc., Emre Umar, and Maria Umar, and their attorneys, agents, employees, elected officials and/or any entity or person acting or purporting to act on their behalf.

4.     The term "document" shall have the same definition as set forth in the Federal Rules of Civil Procedure and shall include all written, printed, electronic, transmitted, or recorded matter and/or thing of any kind, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without

limitations, correspondence, memoranda, notes, diaries, statistics, letters, email, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations or any sort of conversation, bulletins, computer printouts, teletypes, telefax, invoices, tape recording of voicemail messages, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind, including, without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, audiotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks and recordings).

5.     "Relating to" (or any of its forms) means concerning, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, noting, embodying, containing, mentioning, studying, recording, discussing, evaluating or in any way or manner being logically, legally or factually connected.

6.     "All" shall have its plain meaning and shall also means "every," "any," "each," "every" or other individual or inclusive term and vice versa.

7.     "Person" shall have the same full definition as set forth in the Federal Rules of Civil Procedure and shall mean individual, partnership, joint venture, firm, association, corporation, business, governmental entity, or any other legal or business entity.

### III.     CLAIMS OF PRIVILEGE

If you do not produce a document or thing in whole or in part identified or requested to be identified or produced herein, with respect to each such document or thing, identify:

(1)     the privilege or other basis for nonproduction claimed;

(2)     the facts upon which you rely to support the claim of privilege or other basis for nonproduction;

(3)     the date of each such document or thing;

(4)     the author of each such document or thing;

(5)     the capacity in which the author was acting when each such document or thing was created;

(6)     the recipient(s) of each such document or thing;

(7)     each person present when each such document or thing was made;

(8)     each person to whom each such document or thing was disclosed; and

(9)     the subject or topics discussed in each document or thing.

## IV.     **REQUESTED DOCUMENTS AND THINGS**

1.     All documents relating to Plaintiffs.

2.     All documents relating to Defendants James J. Miller and/or Investigative Services Agency, Inc.

3.     All documents relating to your telephone records, bills, and/or account histories from March 1, 2007 to August 1, 2007, including your cellular telephones, home telephones, business telephones, pagers and any "Blackberry," portable electronic device or other electronic transmission device.

4.     All documents relating to your traveling to Pennsylvania including but not limited to itineraries, i-pass or ezpass accounts, rental car agreements, airplane tickets, train tickets, bus tickets, flight plans, airport clearances, train tickets, highway or roadway tolls, and/or lodging.

5.     All statements, bills, and/or account histories for all credit cards owned, used, held, or possessed by any Defendants between March 1, 2007 to August 1, 2007.

6.　　All documents relating to any investigators, detective or security businesses or persons, or to any persons who conducted any surveillance or other services in Pennsylvania, from March 1, 2007 to the present.

7.　　All documents relating to any radio frequency transmission device or any other electronic, radio or other listening device owned, leased, possessed or used by you.

8.　　All documents relating to National Investigators & Security Agency, Richard L. Grove, Lynne Bagley, Carlos Rodriguez, Roy L. Walker, Robert Mann Worldwide Intelligence, Worldwide Intelligence Network, Wincor, Robert Mann, Darrell Roth and/or John Drake or any other investigators, detective or security businesses or persons, or to any persons who conducted any surveillance, investigation, background checks or other security or investigation services.

9.　　All documents relating to any payments by Everett Smith Group, Braydon Partners, LLC or GGW Management Partners, LLC, and/or to their subsidiaries, affiliates, employees, officers or directors to Defendants James J. Miller and/or Investigative Services Agency, Inc., National Investigators & Security Agency, Richard L. Grove, Lynne Bagley, Carlos Rodriguez, Roy L. Walker, Robert Mann Worldwide Intelligence, Worldwide Intelligence Network, Wincor, Robert Mann, Darrell Roth and/or John Drake or to any other investigators, detective or security businesses or persons, or to any persons who conducted any surveillance, investigation, background checks or other security or investigation services.

10.　　All statements, bills, and/or account histories for all bank accounts owned, possessed, and/or held by Defendants.

11.　　All documents relating to any lawsuits, litigation, judgments, complaints or other disputes against you or any of the Defendants.

12. All documents relating to any and all statements, written or oral, transcribed or untranscribed, of any and all witnesses in this action, including any written document signed or otherwise adopted or approved by the person making it, and/or any stenographic, mechanical, electrical, videotaped, audiotaped or other recording or transcription of an oral communication.

13. All documents relating to the allegations of the Complaint and the parties' Answers, Affirmative Defenses and responses thereto in this action.

14. All documents relating to insurance policies for you or any of the Defendants and/or any correspondence relating thereto, including any reservation of rights.

15. All documents relating to your net worth, assets, liabilities or real property, including but not limited to statements or summaries of revenues, cash receipts details, and/or accounts receivables, federal and state income tax returns, financial statements, profit and loss statements, or financial projections, leases, loans, judgments, letters of credit, or other indebtedness.

16. All documents relating to any expert reports relating to this action.

17. All documents that you intend to or will use at depositions or at trial of this action.

18. All documents requested to be identified and/or referred to in any Answer to any Interrogatories to any party in this action.

19. All documents requested by or produced to any other parties to this action.

20. All documents produced to you pursuant to any subpoena or formal or informal request in this action.

Respectfully submitted,

OF COUNSEL:

7

ELLIOTT GREENLEAF
   & SIEDZIKOWSKI, P.C.

/s Timothy T. Myers
JOHN M. ELLIOTT
TIMOTHY T. MYERS
COLIN D. DOUGHERTY
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422
215-977-1000
Counsel for Plaintiff

DATED:  December 20, 2007

# CERTIFICATE OF SERVICE

I, Colin D. Dougherty, Esquire, hereby certify that on this date the following counsel of record were served with the forgoing by First Class Mail postage pre-paid:

John C. Grugan, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Glenn Seiden, Esquire
Azulay, Horn & Seiden, LLD
205 North Michigan Avenue, 40th Floor
Chicago, Illinois 60601

/s/ *Colin D. Dougherty*
Colin D. Dougherty

DATED: December 20, 2007

EXHIBIT C

### Issued by the
## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Correctional Medical Care, Inc., et al.,**<br>**Plaintiffs**<br><br>v.<br><br>**J. Douglas Gray, et al.,**<br>**Defendants** | **Subpoena in a Civil Case**<br><br><br>**C.A. No. NO. 2:07-CV-02840-WY** |

**TO:**  Chase Bank USA, N.A.
Attn: Legal Department
7610 W. Washington St.
Indianapolis, IN 46231

---

( ) **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
| | DATE AND TIME |

( ) **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

(X) **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

*See* Schedule "A" hereto

| PLACE | DATE AND TIME |
|---|---|
| Elliott Greenleaf & Siedzikowski, PC.<br>925 Harvest Dr., Suite 300<br>Blue Bell, PA 19422 | January 25, 2008 at 10 a.m. |

( ) **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OF DEFENDANT) | DATE |
|---|---|
| *(signature)*  , Attorney for Plaintiff | 1/04/08 |

ISSUING OFFICERS NAME AND ADDRESS AND PHONE NUMBER
Colin D. Dougherty, 925 Harvest Drive, Blue Bell, PA 19422, Tel. (215) 977-1000

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse

| RETURN OF SERVICE[1] | | |
|---|---|---|
| RECEIVED BY SERVER | Date | Place |
| SERVED | Date | Place |
| SERVED ON (NAME) | | FEES TENDERED<br>Yes   No   AMOUNT |

DECLARATION OF SERVER:

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on

      Date            Signature of Server

                     Address of Server

Rule 45. Federal Rules of Civil Procedure, Parts C & D:
**PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

    (1) A Party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden o expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the person or attorney designated in the subpoena written objection to inspection nor copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance;

      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3) (B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

      (iv) subjects a person to undue burden.

    (B) If a subpoena:

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
**DUTIES IN RESPONDING TO SUBPOENA.**

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1341717v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Correctional Medical Care, Inc., et al.** | : | |
| **Plaintiffs** | : | |
| v. | : | **C.A. No. NO. 2:07-CV-02840-WY** |
| **J. Douglas Gray, et al.** | : | |
| **Defendants.** | : | |

## SCHEDULE "A" OF DOCUMENTS REQUIRED BY SUBPOENA

### I.    GENERAL INSTRUCTIONS

1.    The Subpoena is continuing in character so as to require you to provide supplementary responses when you come into possession of documents or things responsive to this production which have not previously been supplied. Such supplemental production is to be made as soon as reasonably possible after the documents and things are obtained. The date such additional documents or things came into your possession and the identity of the individuals who furnished such additional documents or things to the person making production shall be specified.

2.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; the masculine form of a noun or pronoun shall be considered to include also within its meaning the feminine and the neuter forms of the noun or pronoun, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb. Each such instance shall be construed so as to require the most inclusive production of documents.

3.    Whenever the expression "and/or" is used herein, the information called for should be set out both in the conjunctive and the disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

4.    Unless otherwise requested, this Subpoena seeks documents from **January 1, 2000 to the present.**

## II. DEFINITIONS

1.    The term "document" shall have the same definition as set forth in the Federal Rules of Civil Procedure and shall include all written, printed, electronic, transmitted, or recorded matter and/or thing of any kind, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitations, correspondence, memoranda, notes, diaries, statistics, letters, email, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations or any sort of conversation, bulletins, computer printouts, teletypes, telefax, invoices, tape recording of voicemail messages, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind, including, without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, audiotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks and recordings).

2.    "Relating to" (or any of its forms) means concerning, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, noting, embodying, containing, mentioning, studying, recording, discussing, evaluating or in any way or manner being logically, legally or factually connected.

3.    "All" shall have its plain meaning and shall also means "every," "any," "each," "every" or other individual or inclusive term and vice versa.

4.    "Person" shall have the same full definition as set forth in the Federal Rules of Civil Procedure and shall mean individual, partnership, joint venture, firm, association, corporation, business, governmental entity, or any other legal or business entity.

## IV. DOCUMENTS AND THINGS REQUIRED TO BE PRODUCED

1.     All documents relating to James J. Miller (SS# 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), 1258 Golfview Drive Woodridge IL 60517.

2.     All documents relating to Investigative Services Agency, Inc. a/k/a Investigative Services Agencies, Inc. (FEIN# 36-4196044), an Illinois corporation, having had a place of business located at One East Wacker Dr., Suite 3605, Chicago, IL 60601.

3.     All documents relating to J. Douglas Gray (███████████), 301 N. Sheridan Rd., Lake Forest, IL 60045.

4.     All documents relating to Karen Z. Gray (███████████)301 N. Sheridan Rd., Lake Forest, IL 60045.

Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF
    & SIEDZIKOWSKI, P.C.

*/s Timothy T. Myers*
JOHN M. ELLIOTT
TIMOTHY T. MYERS
COLIN D. DOUGHERTY
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422
215-977-1000
Counsel for Plaintiff

DATED: January 4, 2008

### Issued by the
# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Correctional Medical Care, Inc., et al.,**<br>**Plaintiffs**<br><br>v.<br><br>**J. Douglas Gray, et al.,**<br>**Defendants** | **Subpoena in a Civil Case**<br><br><br>**C.A. No. NO. 2:07-CV-02840-WY** |

**TO:** JP Morgan Chase
Attn: Legal Department
Three Christina Center
201 N. Walnut St.
Wilmington, DE 19801

( ) **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
| | DATE AND TIME |

( ) **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

(X) **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

*See* Schedule "A" hereto

| PLACE | DATE AND TIME |
|---|---|
| Elliott Greenleaf & Siedzikowski, PC.<br>925 Harvest Dr., Suite 300<br>Blue Bell, PA 19422 | February 22, 2008 at 10 a.m. |

( ) **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. **Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OF DEFENDANT) | DATE |
|---|---|
| _(signature)_ , Attorney for Plaintiff | 1/02/08 |

ISSUING OFFICERS NAME AND ADDRESS AND PHONE NUMBER
Colin D. Dougherty, 925 Harvest Drive, Blue Bell, PA 19422, Tel. (215) 977-1000

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse

| RETURN OF SERVICE[1] | | |
|---|---|---|
| RECEIVED BY SERVER | Date | Place |
| SERVED | Date | Place |
| SERVED ON (NAME) | FEES TENDERED Yes   No   AMOUNT ' | |

DECLARATION OF SERVER:

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on
    Date           Signature of Server


                    Address of Server

Rule 45. Federal Rules of Civil Procedure, Parts C & D:
**PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

    (1)  A Party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden o expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney' s fee.

    (2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the person or attorney designated in the subpoena written objection to inspection nor copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.
    (B) If a subpoena:
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
**DUTIES IN RESPONDING TO SUBPOENA.**

    (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Correctional Medical Care, Inc., et al.** | : | |
| **Plaintiffs** | : | |
| v. | : | **C.A. No. NO. 2:07-CV-02840-WY** |
| **J. Douglas Gray, et al.** | : | |
| **Defendants.** | : | |

## SCHEDULE "A" OF DOCUMENTS REQUIRED BY SUBPOENA

### I.  GENERAL INSTRUCTIONS

1.  The Subpoena is continuing in character so as to require you to provide supplementary responses when you come into possession of documents or things responsive to this production which have not previously been supplied. Such supplemental production is to be made as soon as reasonably possible after the documents and things are obtained. The date such additional documents or things came into your possession and the identity of the individuals who furnished such additional documents or things to the person making production shall be specified.

2.  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; the masculine form of a noun or pronoun shall be considered to include also within its meaning the feminine and the neuter forms of the noun or pronoun, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb. Each such instance shall be construed so as to require the most inclusive production of documents.

3.  Whenever the expression "and/or" is used herein, the information called for should be set out both in the conjunctive and the disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

4.  Unless otherwise requested, this Subpoena seeks documents from **January 1, 2000 to the present.**

## II. __DEFINITIONS__

1.    The term "document" shall have the same definition as set forth in the Federal Rules of Civil Procedure and shall include all written, printed, electronic, transmitted, or recorded matter and/or thing of any kind, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitations, correspondence, memoranda, notes, diaries, statistics, letters, email, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations or any sort of conversation, bulletins, computer printouts, teletypes, telefax, invoices, tape recording of voicemail messages, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind, including, without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, audiotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks and recordings).

2.    "Relating to" (or any of its forms) means concerning, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, noting, embodying, containing, mentioning, studying, recording, discussing, evaluating or in any way or manner being logically, legally or factually connected.

3.    "All" shall have its plain meaning and shall also means "every," "any," "each," "every" or other individual or inclusive term and vice versa.

4.    "Person" shall have the same full definition as set forth in the Federal Rules of Civil Procedure and shall mean individual, partnership, joint venture, firm, association, corporation, business, governmental entity, or any other legal or business entity.

## IV.   DOCUMENTS AND THINGS REQUIRED TO BE PRODUCED

1.    All documents relating to James J. Miller, 1258 Golfview Drive Woodridge IL 60517.

2.    All documents relating to Investigative Services Agency, Inc., an Illinois corporation, having had a place of business located at One East Wacker Dr., Suite 3605, Chicago, IL 60601.

3.    All documents relating to J. Douglas Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045.

4.    All documents relating to Karen Z. Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045.

5.    All documents relating to account #████████████████

Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF
   & SIEDZIKOWSKI, P.C.

/s Timothy T. Myers
JOHN M. ELLIOTT
TIMOTHY T. MYERS
COLIN D. DOUGHERTY
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422
215-977-1000
Counsel for Plaintiff

DATED:  December 21, 2007

Issued by the
## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Correctional Medical Care, Inc., et al.,<br>**Plaintiffs**<br><br>v.<br><br>J. Douglas Gray, et al.,<br>**Defendants** | **Subpoena in a Civil Case**<br><br><br>**C.A. No. NO. 2:07-CV-02840-WY** |

**TO:**   T-Mobile
c/o Subpoena Compliance
LER Group
4 Sylvan Way
Parsippany, NJ 07054

( )  **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
| | DATE AND TIME |

( )  **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

(X) **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

*See* Schedule "A" hereto

| PLACE | DATE AND TIME |
|---|---|
| Elliott Greenleaf & Siedzikowski, PC.<br>925 Harvest Dr., Suite 300<br>Blue Bell, PA 19422 | January 7, 2008 at 10 a.m. |

( )  **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. **Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OF DEFENDANT) | DATE |
|---|---|
| , Attorney for Plaintiff | 12/21/07 |

ISSUING OFFICERS NAME AND ADDRESS AND PHONE NUMBER
Timothy T. Myers, 925 Harvest Drive, Blue Bell, PA 19422, Tel. (215) 977-1000

(See Rule 45. Federal Rules of Civil Procedure, Parts C & D on Reverse)

| RETURN OF SERVICE[1] | | |
|---|---|---|
| RECEIVED BY SERVER | Date | Place |
| SERVED | Date | Place |
| SERVED ON (NAME) | | FEES TENDERED<br>Yes    No    AMOUNT |

DECLARATION OF SERVER:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on

       Date             Signature of Server

                     Address of Server

Rule 45. Federal Rules of Civil Procedure, Parts C & D:

PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A Party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden o expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, learnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of produtin or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the person or attorney designated in the subpoena written objection to inspection nor copying of any or all of the designated materials or of the premises. §Fection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has be made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause(3) (B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena:

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1341717v1

| Correctional Medical Care, Inc., et al. | : | |
|---|---|---|
| **Plaintiffs** | : | |
| v. | : | **C.A. No. NO. 2:07-CV-02840-WY** |
| J. Douglas Gray, et al. | : | |
| **Defendants.** | : | |

## SCHEDULE "A" OF DOCUMENTS REQUIRED BY SUBPOENA

### I.    GENERAL INSTRUCTIONS

1.    The Subpoena is continuing in character so as to require you to provide supplementary responses when you come into possession of documents or things responsive to this production which have not previously been supplied.  Such supplemental production is to be made as soon as reasonably possible after the documents and things are obtained.  The date such additional documents or things came into your possession and the identity of the individuals who furnished such additional documents or things to the person making production shall be specified.

2.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; the masculine form of a noun or pronoun shall be considered to include also within its meaning the feminine and the neuter forms of the noun or pronoun, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb.  Each such instance shall be construed so as to require the most inclusive production of documents.

3.    Whenever the expression "and/or" is used herein, the information called for should be set out both in the conjunctive and the disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

4.    Unless otherwise requested, this Subpoena seeks documents from **January 1, 2007 to the present.**

## II.    DEFINITIONS

1.    The term "document" shall have the same definition as set forth in the Federal Rules of Civil Procedure and shall include all written, printed, electronic, transmitted, or recorded matter and/or thing of any kind, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitations, correspondence, memoranda, notes, diaries, statistics, letters, email, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations or any sort of conversation, bulletins, computer printouts, teletypes, telefax, invoices, tape recording of voicemail messages, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind, including, without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, audiotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks and recordings).

2.    "Relating to" (or any of its forms) means concerning, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, noting, embodying, containing, mentioning, studying, recording, discussing, evaluating or in any way or manner being logically, legally or factually connected.

3.    "All" shall have its plain meaning and shall also means "every," "any," "each," "every" or other individual or inclusive term and vice versa.

4.    "Person" shall have the same full definition as set forth in the Federal Rules of Civil Procedure and shall mean individual, partnership, joint venture, firm, association, corporation, business, governmental entity, or any other legal or business entity.

# IV.    DOCUMENTS AND THINGS REQUIRED TO BE PRODUCED

1.      All documents relating to James J. Miller, 1258 Golfview Drive Woodridge IL 60517, including but not limited to ███████████.

2.      All documents relating to Investigative Services Agency, Inc., including but not limited to ███████████ and ███████████.

3.      All documents relating to J. Douglas Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045, including but not limited to ███████████, ███████████, ███████████ and ███████████.

4.      All documents relating to Karen Z. Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045, including but not limited to ███████████.

                                            Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF                    /s Timothy T. Myers
    & SIEDZIKOWSKI, P.C.             JOHN M. ELLIOTT
                                     TIMOTHY T. MYERS
                                     COLIN D. DOUGHERTY
                                     Union Meeting Corporate Center V
                                     925 Harvest Drive
                                     Blue Bell, PA 19422
                                     215-977-1000
                                     Counsel for Plaintiff

DATED:  December 21, 2007

Issued by the
# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Correctional Medical Care, Inc., et al.,**<br>**Plaintiffs**<br><br>v.<br><br>**J. Douglas Gray, et al.,**<br>**Defendants** | **Subpoena in a Civil Case**<br><br><br>**C.A. No. NO. 2:07-CV-02840-WY** |

**TO:** Sprint Nextel Corporation
c/o Subpoena Compliance Group
2001 Edmund Halley Drive
Reston, Virginia 20191

( ) **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
| | DATE AND TIME |

( ) **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

(X) **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

*See* Schedule "A" hereto

| PLACE | DATE AND TIME |
|---|---|
| Elliott Greenleaf & Siedzikowski, PC.<br>925 Harvest Dr., Suite 300<br>Blue Bell, PA 19422 | January 7, 2008 at 10 a.m. |

( ) **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. **Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OF DEFENDANT) | DATE |
|---|---|
| [signature] , Attorney for Plaintiff | 12/21/07 |

ISSUING OFFICERS NAME AND ADDRESS AND PHONE NUMBER
Timothy T. Myers, 925 Harvest Drive, Blue Bell, PA 19422, Tel. (215) 977-1000

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse)

| RETURN OF SERVICE[1] | | |
|---|---|---|
| RECEIVED BY SERVER | Date | Place |
| SERVED | Date | Place |
| SERVED ON (NAME) | | FEES TENDERED<br>Yes    No    AMOUNT |

DECLARATION OF SERVER:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on
　　　　Date　　　　　　　Signature of Server


　　　　　　　　　　　　　Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A Party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the person or attorney designated in the subpoena written objection to inspection nor copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3) (B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena:

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Correctional Medical Care, Inc., et al. | : |
| **Plaintiffs** | : |
| v. | : C.A. No. NO. 2:07-CV-02840-WY |
| J. Douglas Gray, et al. | : |
| **Defendants.** | : |

## SCHEDULE "A" OF DOCUMENTS REQUIRED BY SUBPOENA

## I. GENERAL INSTRUCTIONS

1. The Subpoena is continuing in character so as to require you to provide supplementary responses when you come into possession of documents or things responsive to this production which have not previously been supplied. Such supplemental production is to be made as soon as reasonably possible after the documents and things are obtained. The date such additional documents or things came into your possession and the identity of the individuals who furnished such additional documents or things to the person making production shall be specified.

2. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; the masculine form of a noun or pronoun shall be considered to include also within its meaning the feminine and the neuter forms of the noun or pronoun, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb. Each such instance shall be construed so as to require the most inclusive production of documents.

3. Whenever the expression "and/or" is used herein, the information called for should be set out both in the conjunctive and the disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

4. Unless otherwise requested, this Subpoena seeks documents from **January 1, 2007 to the present.**

## II.    **DEFINITIONS**

1.    The term "document" shall have the same definition as set forth in the Federal Rules of Civil Procedure and shall include all written, printed, electronic, transmitted, or recorded matter and/or thing of any kind, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitations, correspondence, memoranda, notes, diaries, statistics, letters, email, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations or any sort of conversation, bulletins, computer printouts, teletypes, telefax, invoices, tape recording of voicemail messages, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind, including, without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, audiotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks and recordings).

2.    "Relating to" (or any of its forms) means concerning, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, noting, embodying, containing, mentioning, studying, recording, discussing, evaluating or in any way or manner being logically, legally or factually connected.

3.    "All" shall have its plain meaning and shall also means "every," "any," "each," "every" or other individual or inclusive term and vice versa.

4.    "Person" shall have the same full definition as set forth in the Federal Rules of Civil Procedure and shall mean individual, partnership, joint venture, firm, association, corporation, business, governmental entity, or any other legal or business entity.

## IV.   DOCUMENTS AND THINGS REQUIRED TO BE PRODUCED

1.    All documents relating to James J. Miller, 1258 Golfview Drive Woodridge IL 60517, including but not limited to ▮▮▮▮▮▮▮4.

2.    All documents relating to Investigative Services Agency, Inc., including but not limited to ▮▮▮▮▮▮▮0 and ▮▮▮▮▮▮▮7.

3.    All documents relating to J. Douglas Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045, including but not limited to ▮▮▮▮▮▮▮9, ▮▮▮▮▮▮4, ▮▮▮▮▮▮7 and ▮▮▮▮▮-▮▮▮7.

4.    All documents relating to Karen Z. Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045, including but not limited to ▮▮▮▮▮▮7.

Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF
   & SIEDZIKOWSKI, P.C.

/s *Timothy T. Myers*
JOHN M. ELLIOTT
TIMOTHY T. MYERS
COLIN D. DOUGHERTY
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422
215-977-1000
Counsel for Plaintiff

DATED:  December 21, 2007

Issued by the

# UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Correctional Medical Care, Inc., et al.,**<br>**Plaintiffs**<br><br>v.<br><br>**J. Douglas Gray, et al.,**<br>**Defendants** | **Subpoena in a Civil Case**<br><br><br>**C.A. No. NO. 2:07-CV-02840-WY** |

**TO:**   Visa Inc.
          c/o Visa Customer Care Service Dept.

---

( ) **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
| | DATE AND TIME |

( ) **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

(X) **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

*See* Schedule "A" hereto

| PLACE | DATE AND TIME |
|---|---|
| Elliott Greenleaf & Siedzikowski, PC.<br>925 Harvest Dr., Suite 300<br>Blue Bell, PA 19422 | January 7, 2008 at 10 a.m. |

( ) **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. **Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OF DEFENDANT) | DATE |
|---|---|
| , Attorney for Plaintiff | 12/21/07 |

ISSUING OFFICERS NAME AND ADDRESS AND PHONE NUMBER

Timothy T. Myers, 925 Harvest Drive, Blue Bell, PA 19422, Tel. (215) 977-1000

---

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse)

| RETURN OF SERVICE[1] | | |
|---|---|---|
| RECEIVED BY SERVER | Date | Place |
| SERVED | Date | Place |
| SERVED ON (NAME) | | FEES TENDERED<br>Yes   No   AMOUNT |

DECLARATION OF SERVER:

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on
        Date            Signature of Server


                            Address of Server

Rule 45. Federal Rules of Civil Procedure, Parts C & D:
**PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

    (1) A Party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of produion or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the person or attorney designated in the subpoena written objection to inspection nor copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance;

      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii) requires disclosure of privileged or other protected matter and no exception waiver applies, or

      (iv) subjects a person to undue burden.

    (B) If a subpoena:

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**DUTIES IN RESPONDING TO SUBPOENA.**

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1341717v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Correctional Medical Care, Inc., et al. | : | |
| **Plaintiffs** | : | |
| v. | : | **C.A. No. NO. 2:07-CV-02840-WY** |
| J. Douglas Gray, et al. | : | |
| **Defendants.** | : | |

## SCHEDULE "A" OF DOCUMENTS REQUIRED BY SUBPOENA

### I.  GENERAL INSTRUCTIONS

1.   The Subpoena is continuing in character so as to require you to provide supplementary responses when you come into possession of documents or things responsive to this production which have not previously been supplied.  Such supplemental production is to be made as soon as reasonably possible after the documents and things are obtained.  The date such additional documents or things came into your possession and the identity of the individuals who furnished such additional documents or things to the person making production shall be specified.

2.   The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; the masculine form of a noun or pronoun shall be considered to include also within its meaning the feminine and the neuter forms of the noun or pronoun, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb.  Each such instance shall be construed so as to require the most inclusive production of documents.

3.   Whenever the expression "and/or" is used herein, the information called for should be set out both in the conjunctive and the disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

4.   Unless otherwise requested, this Subpoena seeks documents from **January 1, 2000 to the present.**

## II.    DEFINITIONS

1.    The term "document" shall have the same definition as set forth in the Federal Rules of Civil Procedure and shall include all written, printed, electronic, transmitted, or recorded matter and/or thing of any kind, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitations, correspondence, memoranda, notes, diaries, statistics, letters, email, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations or any sort of conversation, bulletins, computer printouts, teletypes, telefax, invoices, tape recording of voicemail messages, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind, including, without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, audiotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks and recordings).

2.    "Relating to" (or any of its forms) means concerning, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, noting, embodying, containing, mentioning, studying, recording, discussing, evaluating or in any way or manner being logically, legally or factually connected.

3.    "All" shall have its plain meaning and shall also means "every," "any," "each," "every" or other individual or inclusive term and vice versa.

4.    "Person" shall have the same full definition as set forth in the Federal Rules of Civil Procedure and shall mean individual, partnership, joint venture, firm, association, corporation, business, governmental entity, or any other legal or business entity.

2

## IV.  DOCUMENTS AND THINGS REQUIRED TO BE PRODUCED

1.    All documents relating to James J. Miller, 1258 Golfview Drive Woodridge IL 60517.

2.    All documents relating to Investigative Services Agency, Inc., an Illinois corporation, having had a place of business located at One East Wacker Dr., Suite 3605, Chicago, IL 60601.

3.    All documents relating to J. Douglas Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045.

4.    All documents relating to Karen Z. Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045.

5.    All documents relating to account # 4▆▆▆▆▆▆▆▆▆▆.

Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF
   & SIEDZIKOWSKI, P.C.

/s *Timothy T. Myers*
JOHN M. ELLIOTT
TIMOTHY T. MYERS
COLIN D. DOUGHERTY
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422
215-977-1000
Counsel for Plaintiff

DATED:  December 21, 2007

## Issued by the
## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

**Correctional Medical Care, Inc., et al.,**
                            **Plaintiffs**                    **Subpoena in a Civil Case**

    **v.**

**J. Douglas Gray, et al.,**                     **C.A. No. NO. 2:07-CV-02840-WY**
                            **Defendants**


**TO:**    Verizon Wireless
        c/o Custodian of Records
        180 Washington Valley Rd.
        Bedminster, NJ

( ) **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
| | DATE AND TIME |

( ) **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

(X) **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

*See* Schedule "A" hereto

| PLACE | DATE AND TIME |
|---|---|
| Elliott Greenleaf & Siedzikowski, PC. | January 7, 2008 at 10 a.m. |
| 925 Harvest Dr., Suite 300 | |
| Blue Bell, PA 19422 | |

( ) **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. **Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OF DEFENDANT) | DATE |
|---|---|
| , Attorney for Plaintiff | 12/21/07 |

ISSUING OFFICERS NAME AND ADDRESS AND PHONE NUMBER

Timothy T. Myers, 925 Harvest Drive, Blue Bell, PA 19422, Tel. (215) 977-1000

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse)

| RETURN OF SERVICE[1] | | |
|---|---|---|
| RECEIVED BY SERVER | Date | Place |
| SERVED | Date | Place |
| SERVED ON (NAME) | | FEES TENDERED<br>Yes    No    AMOUNT |

DECLARATION OF SERVER:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on
       Date          Signature of Server

                  Address of Server

Rule 45. Federal Rules of Civil Procedure, Parts C & D:

**PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A Party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden o expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the person or attorney designated in the subpoena written objection to inspection nor copying of any or all of the designated materials or of the premises. [Ifobjection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3) (B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena:

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Correctional Medical Care, Inc., et al. | : | |
| **Plaintiffs** | : | |
| v. | : | **C.A. No. NO. 2:07-CV-02840-WY** |
| J. Douglas Gray, et al. | : | |
| **Defendants.** | : | |

## SCHEDULE "A" OF DOCUMENTS REQUIRED BY SUBPOENA

## I.  GENERAL INSTRUCTIONS

1.  The Subpoena is continuing in character so as to require you to provide supplementary responses when you come into possession of documents or things responsive to this production which have not previously been supplied. Such supplemental production is to be made as soon as reasonably possible after the documents and things are obtained. The date such additional documents or things came into your possession and the identity of the individuals who furnished such additional documents or things to the person making production shall be specified.

2.  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; the masculine form of a noun or pronoun shall be considered to include also within its meaning the feminine and the neuter forms of the noun or pronoun, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb. Each such instance shall be construed so as to require the most inclusive production of documents.

3.  Whenever the expression "and/or" is used herein, the information called for should be set out both in the conjunctive and the disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

4.  Unless otherwise requested, this Subpoena seeks documents from **January 1, 2007 to the present.**

## II.    DEFINITIONS

1.    The term "document" shall have the same definition as set forth in the Federal Rules of Civil Procedure and shall include all written, printed, electronic, transmitted, or recorded matter and/or thing of any kind, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitations, correspondence, memoranda, notes, diaries, statistics, letters, email, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations or any sort of conversation, bulletins, computer printouts, teletypes, telefax, invoices, tape recording of voicemail messages, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind, including, without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, audiotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks and recordings).

2.    "Relating to" (or any of its forms) means concerning, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, noting, embodying, containing, mentioning, studying, recording, discussing, evaluating or in any way or manner being logically, legally or factually connected.

3.    "All" shall have its plain meaning and shall also means "every," "any," "each," "every" or other individual or inclusive term and vice versa.

4.    "Person" shall have the same full definition as set forth in the Federal Rules of Civil Procedure and shall mean individual, partnership, joint venture, firm, association, corporation, business, governmental entity, or any other legal or business entity.

## IV. DOCUMENTS AND THINGS REQUIRED TO BE PRODUCED

1. All documents relating to James J. Miller, 1258 Golfview Drive Woodridge IL 60517, including but not limited to ▇▇▇▇▇▇▇.

2. All documents relating to Investigative Services Agency, Inc., including but not limited to ▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇.

3. All documents relating to J. Douglas Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045, including but not limited to ▇▇▇▇▇▇▇, ▇▇▇▇▇▇▇, ▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇.

4. All documents relating to Karen Z. Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045, including but not limited to ▇▇▇▇▇▇▇.

Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF
   & SIEDZIKOWSKI, P.C.

/s Timothy T. Myers
JOHN M. ELLIOTT
TIMOTHY T. MYERS
COLIN D. DOUGHERTY
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422
215-977-1000
Counsel for Plaintiff

DATED: December 21, 2007

Issued by the
# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

Correctional Medical Care, Inc., et al.,
**Plaintiffs**

**Subpoena in a Civil Case**

v.

**C.A. No. NO. 2:07-CV-02840-WY**

J. Douglas Gray, et al.,
**Defendants**

**TO:**    US Cellular
8410 W. Bryn Mawr, Suite 700
Chicago, IL 60631-3486

( ) **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
|  | DATE AND TIME |

( ) **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

(X) **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

*See* Schedule "A" hereto

| PLACE | DATE AND TIME |
|---|---|
| Elliott Greenleaf & Siedzikowski, PC. | January 7, 2008 at 10 a.m. |
| 925 Harvest Dr., Suite 300 |  |
| Blue Bell, PA 19422 |  |

( ) **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OF DEFENDANT) | DATE |
|---|---|
| , Attorney for Plaintiff | 12/21/07 |

ISSUING OFFICERS NAME AND ADDRESS AND PHONE NUMBER
Timothy T. Myers, 925 Harvest Drive, Blue Bell, PA 19422, Tel. (215) 977-1000

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse)

| RETURN OF SERVICE[tm] | | |
|---|---|---|
| RECEIVED BY SERVER | Date | Place |
| SERVED | Date | Place |
| SERVED ON (NAME) | | FEES TENDERED<br>Yes    No    AMOUNT |

DECLARATION OF SERVER:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on
         Date            Signature of Server

                          Address of Server

Rule 45. Federal Rules of Civil Procedure, Parts C & D:
PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A Party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden o expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of prodsion or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the person or attorney designated in the subpoena written objection to inspection nor copying of any or all of the designated materials or of the premises. Ifobtion is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception waiver applies, or
   (iv) subjects a person to undue burden.

(B) If a subpoena:
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Correctional Medical Care, Inc., et al. | : |
| **Plaintiffs** | : |
| v. | :     **C.A. No. NO. 2:07-CV-02840-WY** |
| J. Douglas Gray, et al. | : |
| **Defendants.** | : |

## SCHEDULE "A" OF DOCUMENTS REQUIRED BY SUBPOENA

### I.    GENERAL INSTRUCTIONS

1. The Subpoena is continuing in character so as to require you to provide supplementary responses when you come into possession of documents or things responsive to this production which have not previously been supplied. Such supplemental production is to be made as soon as reasonably possible after the documents and things are obtained. The date such additional documents or things came into your possession and the identity of the individuals who furnished such additional documents or things to the person making production shall be specified.

2. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; the masculine form of a noun or pronoun shall be considered to include also within its meaning the feminine and the neuter forms of the noun or pronoun, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb. Each such instance shall be construed so as to require the most inclusive production of documents.

3. Whenever the expression "and/or" is used herein, the information called for should be set out both in the conjunctive and the disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

4. Unless otherwise requested, this Subpoena seeks documents from **January 1, 2007 to the present.**

## II.    DEFINITIONS

1.    The term "document" shall have the same definition as set forth in the Federal Rules of Civil Procedure and shall include all written, printed, electronic, transmitted, or recorded matter and/or thing of any kind, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitations, correspondence, memoranda, notes, diaries, statistics, letters, email, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations or any sort of conversation, bulletins, computer printouts, teletypes, telefax, invoices, tape recording of voicemail messages, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind, including, without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, audiotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks and recordings).

2.    "Relating to" (or any of its forms) means concerning, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, noting, embodying, containing, mentioning, studying, recording, discussing, evaluating or in any way or manner being logically, legally or factually connected.

3.    "All" shall have its plain meaning and shall also means "every," "any," "each," "every" or other individual or inclusive term and vice versa.

4.    "Person" shall have the same full definition as set forth in the Federal Rules of Civil Procedure and shall mean individual, partnership, joint venture, firm, association, corporation, business, governmental entity, or any other legal or business entity.

## IV.  DOCUMENTS AND THINGS REQUIRED TO BE PRODUCED

1.  All documents relating to James J. Miller, 1258 Golfview Drive Woodridge IL 60517, including but not limited to ████████████.

2.  All documents relating to Investigative Services Agency, Inc., including but not limited to ████████████ and ████████████.

3.  All documents relating to J. Douglas Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045, including but not limited to ████████████, ████████████, ████████████ and ████████████.

4.  All documents relating to Karen Z. Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045, including but not limited to ████████████.

Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF
    & SIEDZIKOWSKI, P.C.

/s Timothy T. Myers
JOHN M. ELLIOTT
TIMOTHY T. MYERS
COLIN D. DOUGHERTY
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422
215-977-1000
Counsel for Plaintiff

DATED:  December 21, 2007

## Issued by the
# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Correctional Medical Care, Inc., et al.,**<br>**Plaintiffs** | **Subpoena in a Civil Case** |
| v. | |
| **J. Douglas Gray, et al.,**<br>**Defendants** | **C.A. No. NO. 2:07-CV-02840-WY** |

**TO:** Southwest Airlines
P.O. Box 36611
Dallas, Texas 75235

( ) **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
| | DATE AND TIME |

( ) **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

(X) **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

*See* Schedule "A" hereto

| PLACE | DATE AND TIME |
|---|---|
| Elliott Greenleaf & Siedzikowski, PC.<br>925 Harvest Dr., Suite 300<br>Blue Bell, PA 19422 | January 7, 2008 at 10 a.m. |

( ) **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. **Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OF DEFENDANT) | DATE |
|---|---|
| , Attorney for Plaintiff | 12/21/07 |

ISSUING OFFICERS NAME AND ADDRESS AND PHONE NUMBER
Timothy T. Myers, 925 Harvest Drive, Blue Bell, PA 19422, Tel. (215) 977-1000

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse)

| RETURN OF SERVICE[1] | | |
|---|---|---|
| RECEIVED BY SERVER | Date | Place |
| SERVED | Date | Place |
| SERVED ON (NAME) | | FEES TENDERED<br>Yes    No    AMOUNT |

DECLARATION OF SERVER:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on
         Date              Signature of Server


                          Address of Server

Rule 45. Federal Rules of Civil Procedure, Parts C & D:
**PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden o expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the person or attorney designated in the subpoena written objection to inspection nor copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3) (B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena:
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

| | | |
|---|---|---|
| **Correctional Medical Care, Inc., et al.** | : | |
| **Plaintiffs** | : | |
| **v.** | : | **C.A. No. NO. 2:07-CV-02840-WY** |
| **J. Douglas Gray, et al.** | : | |
| **Defendants.** | : | |

## SCHEDULE "A" OF DOCUMENTS REQUIRED BY SUBPOENA

## I.   GENERAL INSTRUCTIONS

1.      The Subpoena is continuing in character so as to require you to provide supplementary responses when you come into possession of documents or things responsive to this production which have not previously been supplied.  Such supplemental production is to be made as soon as reasonably possible after the documents and things are obtained.  The date such additional documents or things came into your possession and the identity of the individuals who furnished such additional documents or things to the person making production shall be specified.

2.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; the masculine form of a noun or pronoun shall be considered to include also within its meaning the feminine and the neuter forms of the noun or pronoun, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb.  Each such instance shall be construed so as to require the most inclusive production of documents.

3.      Whenever the expression "and/or" is used herein, the information called for should be set out both in the conjunctive and the disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

4.      Unless otherwise requested, this Subpoena seeks documents from **January 1, 2000 to the present.**

## II.    DEFINITIONS

1.    The term "document" shall have the same definition as set forth in the Federal Rules of Civil Procedure and shall include all written, printed, electronic, transmitted, or recorded matter and/or thing of any kind, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitations, correspondence, memoranda, notes, diaries, statistics, letters, email, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations or any sort of conversation, bulletins, computer printouts, teletypes, telefax, invoices, tape recording of voicemail messages, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind, including, without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, audiotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks and recordings).

2.    "Relating to" (or any of its forms) means concerning, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, noting, embodying, containing, mentioning, studying, recording, discussing, evaluating or in any way or manner being logically, legally or factually connected.

3.    "All" shall have its plain meaning and shall also means "every," "any," "each," "every" or other individual or inclusive term and vice versa.

4.    "Person" shall have the same full definition as set forth in the Federal Rules of Civil Procedure and shall mean individual, partnership, joint venture, firm, association, corporation, business, governmental entity, or any other legal or business entity.

## IV. DOCUMENTS AND THINGS REQUIRED TO BE PRODUCED

1.      All documents relating to James J. Miller, 1258 Golfview Drive Woodridge IL 60517.

2.      All documents relating to Investigative Services Agency, Inc., an Illinois corporation, having had a place of business located at One East Wacker Dr., Suite 3605, Chicago, IL 60601.

3.      All documents relating to J. Douglas Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045.

4.      All documents relating to Karen Z. Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045.

5.      All documents relating to Southwest Airlines Frequent Flier Account #██████

Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF
    & SIEDZIKOWSKI, P.C.

/s Timothy T. Myers
JOHN M. ELLIOTT
TIMOTHY T. MYERS
COLIN D. DOUGHERTY
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422
215-977-1000
Counsel for Plaintiff

DATED: December 21, 2007

### Issued by the
# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Correctional Medical Care, Inc., et al.,**<br>**Plaintiffs** | **Subpoena in a Civil Case** |
| v. | |
| **J. Douglas Gray, et al.,**<br>**Defendants** | **C.A. No. NO. 2:07-CV-02840-WY** |

**TO:** American Express Travel Services
c/o American Express-Data Mark
Attn: Subpoena Compliance
43 Butterfield Circle
El Paso, TX 79906

( ) **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
| | DATE AND TIME |

( ) **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

(X) **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

*See* Schedule "A" hereto

| PLACE | DATE AND TIME |
|---|---|
| Elliott Greenleaf & Siedzikowski, PC.<br>925 Harvest Dr., Suite 300<br>Blue Bell, PA 19422 | January 7, 2008 at 10 a.m. |

( ) **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OF DEFENDANT) | DATE |
|---|---|
| , Attorney for Plaintiff | 12/21/07 |

ISSUING OFFICERS NAME AND ADDRESS AND PHONE NUMBER
Timothy T. Myers, 925 Harvest Drive, Blue Bell, PA 19422, Tel. (215) 977-1000

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse)

| RETURN OF SERVICE[1] | | |
|---|---|---|
| RECEIVED BY SERVER | Date | Place |
| SERVED | Date | Place |
| SERVED ON (NAME) | FEES TENDERED  (Yes)  No  AMOUNT $ 25.00 | |

DECLARATION OF SERVER:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on

Date                    Signature of Server


                        Address of Server

Rule 45. Federal Rules of Civil Procedure, Parts C & D:

**PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A Party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden o expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the person or attorney designated in the subpoena written objection to inspection nor copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena:

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1341717v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Correctional Medical Care, Inc., et al. | : | |
| **Plaintiffs** | : | |
| v. | : | C.A. No. NO. 2:07-CV-02840-WY |
| J. Douglas Gray, et al. | : | |
| Defendants. | : | |

## SCHEDULE "A" OF DOCUMENTS REQUIRED BY SUBPOENA

### I.  GENERAL INSTRUCTIONS

1.    The Subpoena is continuing in character so as to require you to provide supplementary responses when you come into possession of documents or things responsive to this production which have not previously been supplied.  Such supplemental production is to be made as soon as reasonably possible after the documents and things are obtained.  The date such additional documents or things came into your possession and the identity of the individuals who furnished such additional documents or things to the person making production shall be specified.

2.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; the masculine form of a noun or pronoun shall be considered to include also within its meaning the feminine and the neuter forms of the noun or pronoun, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb.  Each such instance shall be construed so as to require the most inclusive production of documents.

3.    Whenever the expression "and/or" is used herein, the information called for should be set out both in the conjunctive and the disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

4.    Unless otherwise requested, this Subpoena seeks documents from **January 1, 2000 to the present.**

## II.    DEFINITIONS

1.    The term "document" shall have the same definition as set forth in the Federal Rules of Civil Procedure and shall include all written, printed, electronic, transmitted, or recorded matter and/or thing of any kind, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitations, correspondence, memoranda, notes, diaries, statistics, letters, email, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations or any sort of conversation, bulletins, computer printouts, teletypes, telefax, invoices, tape recording of voicemail messages, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind, including, without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, audiotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks and recordings).

2.    "Relating to" (or any of its forms) means concerning, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, noting, embodying, containing, mentioning, studying, recording, discussing, evaluating or in any way or manner being logically, legally or factually connected.

3.    "All" shall have its plain meaning and shall also means "every," "any," "each," "every" or other individual or inclusive term and vice versa.

4.    "Person" shall have the same full definition as set forth in the Federal Rules of Civil Procedure and shall mean individual, partnership, joint venture, firm, association, corporation, business, governmental entity, or any other legal or business entity.

## IV.   DOCUMENTS AND THINGS REQUIRED TO BE PRODUCED

1.     All documents relating to James J. Miller, 1258 Golfview Drive Woodridge IL 60517.

2.     All documents relating to Investigative Services Agency, Inc., an Illinois corporation, having had a place of business located at One East Wacker Dr., Suite 3605, Chicago, IL 60601.

3.     All documents relating to J. Douglas Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045.

4.     All documents relating to Karen Z. Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045.

Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF
   & SIEDZIKOWSKI, P.C.

/s Timothy T. Myers
JOHN M. ELLIOTT
TIMOTHY T. MYERS
COLIN D. DOUGHERTY
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422
215-977-1000
Counsel for Plaintiff

DATED:  December 21, 2007

Issued by the
# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Correctional Medical Care, Inc., et al.,**<br>**Plaintiffs**<br>v.<br>**J. Douglas Gray, et al.,**<br>**Defendants** | **Subpoena in a Civil Case**<br><br>**C.A. No. NO. 2:07-CV-02840-WY** |

TO:  Sato Travel
c/o Mark Stek
4300 Wilson Boulevard, Suite 500
Arlington, VA 22203

( ) **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
| | DATE AND TIME |

( ) **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

(X) **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

*See* Schedule "A" hereto

| PLACE | DATE AND TIME |
|---|---|
| Elliott Greenleaf & Siedzikowski, PC.<br>925 Harvest Dr., Suite 300<br>Blue Bell, PA 19422 | January 7, 2008 at 10 a.m. |

( ) **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. **Federal Rules of Civil Procedure, 30(b)(6).**

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OF DEFENDANT) | DATE |
|---|---|
| , Attorney for Plaintiff | 12/21/07 |

ISSUING OFFICERS NAME AND ADDRESS AND PHONE NUMBER
Timothy T. Myers, 925 Harvest Drive, Blue Bell, PA 19422, Tel. (215) 977-1000

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse

<table>
<tr><td colspan="3" align="center">RETURN OF SERVICE[1]</td></tr>
<tr><td>RECEIVED<br>BY SERVER</td><td>Date</td><td>Place</td></tr>
<tr><td>SERVED</td><td>Date</td><td>Place</td></tr>
<tr><td>SERVED ON (NAME)</td><td colspan="2">FEES TENDERED<br>(Yes)   No    AMOUNT   $ 25.00</td></tr>
</table>

DECLARATION OF SERVER:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on
      Date            Signature of Server

                        Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A Party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden o expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to[,] earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of prod[uction] or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the person or attorney designated in the subpoena written objection to inspection nor copying of any or all of the designated materials or of the premises. [If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has [been] made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party[ from] significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause(3) (B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena:

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer[ of] a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that[ can]not be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

| | |
|---|---|
| Correctional Medical Care, Inc., et al. | : |
| **Plaintiffs** | : |
| v. | :      **C.A. No. NO. 2:07-CV-02840-WY** |
| J. Douglas Gray, et al. | : |
| **Defendants.** | : |

## SCHEDULE "A" OF DOCUMENTS REQUIRED BY SUBPOENA

## I.      GENERAL INSTRUCTIONS

1.   The Subpoena is continuing in character so as to require you to provide supplementary responses when you come into possession of documents or things responsive to this production which have not previously been supplied. Such supplemental production is to be made as soon as reasonably possible after the documents and things are obtained. The date such additional documents or things came into your possession and the identity of the individuals who furnished such additional documents or things to the person making production shall be specified.

2.   The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; the masculine form of a noun or pronoun shall be considered to include also within its meaning the feminine and the neuter forms of the noun or pronoun, and vice versa; and the use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb. Each such instance shall be construed so as to require the most inclusive production of documents.

3.   Whenever the expression "and/or" is used herein, the information called for should be set out both in the conjunctive and the disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

4.   Unless otherwise requested, this Subpoena seeks documents from **January 1, 2000 to the present.**

## II.  DEFINITIONS

1.  The term "document" shall have the same definition as set forth in the Federal Rules of Civil Procedure and shall include all written, printed, electronic, transmitted, or recorded matter and/or thing of any kind, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitations, correspondence, memoranda, notes, diaries, statistics, letters, email, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations or any sort of conversation, bulletins, computer printouts, teletypes, telefax, invoices, tape recording of voicemail messages, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind, including, without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, audiotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks and recordings).

2.  "Relating to" (or any of its forms) means concerning, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, noting, embodying, containing, mentioning, studying, recording, discussing, evaluating or in any way or manner being logically, legally or factually connected.

3.  "All" shall have its plain meaning and shall also means "every," "any," "each," "every" or other individual or inclusive term and vice versa.

4.  "Person" shall have the same full definition as set forth in the Federal Rules of Civil Procedure and shall mean individual, partnership, joint venture, firm, association, corporation, business, governmental entity, or any other legal or business entity.

## IV.   **DOCUMENTS AND THINGS REQUIRED TO BE PRODUCED**

1.      All documents relating to James J. Miller, 1258 Golfview Drive Woodridge IL 60517.

2.      All documents relating to Investigative Services Agency, Inc., an Illinois corporation, having had a place of business located at One East Wacker Dr., Suite 3605, Chicago, IL 60601.

3.      All documents relating to J. Douglas Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045.

4.      All documents relating to Karen Z. Gray, 301 N. Sheridan Rd., Lake Forest, IL 60045.


Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF
   & SIEDZIKOWSKI, P.C.

/s Timothy T. Myers
JOHN M. ELLIOTT
TIMOTHY T. MYERS
COLIN D. DOUGHERTY
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422
215-977-1000
Counsel for Plaintiff

DATED:  December 21, 2007

## CERTIFICATE OF SERVICE

I, John C. Grugan, hereby certify that on January 10, 2008, the foregoing Motion to Quash Subpoenas And For A Protective Order of Defendant Karen Z. Gray and accompanying Memorandum of Law was filed electronically and is available for viewing and downloading from the ECF System by the following:

Timothy T. Myers
Elliott Greenleaf & Siedzikowski, P.C.
Union Meeting Corp. Center V
925 Harvest Drive
Blue Bell, PA 19422
*Attorneys for Plaintiffs Correctional Medical Care, Inc.,*
*Maria Umar, and Emre Umar*

Glenn Seiden
Azulay, Horn & Seiden, LLC
205 North Michigan Avenue
40th Floor
Chicago, IL 60501
*Attorneys for J. Douglas Gray, Karen Z. Gray and*
*Investigative Services, Inc.*

Date: January 10, 2008

s/ John C. Grugan
John C. Grugan