IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Correctional Medical Care, Inc., et al.,** : | |
| : | |
| **Plaintiffs** : | |
| : | |
| v. : | C.A. No. 2:07-CV-02840-WY |
| : | |
| **J. Douglas Gray, et al.,** : | |
| : | |
| **Defendants.** : | |

**DEFENDANT KAREN Z. GRAY'S REPLY IN SUPPORT
OF HER MOTION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER**

**I.      INTRODUCTION**

In response to Mrs. Gray's Motion to Quash Subpoenas and for a Protective Order, plaintiffs seek to have it both ways. Plaintiffs previously and continuously have claimed that defendants Douglas Gray and Jim Miller have been dishonest and unreliable. Most recently, plaintiffs claimed that Mr. Miller lied to police when he stated that he has never been to Pennsylvania.[1] In response to Mrs. Gray's motion, however, plaintiffs seek to rely on statements allegedly made by Mr. Miller, as well as their own bald allegations in the Complaint, to support their demand for discovery. For the reasons set forth herein, Mrs. Gray respectfully requests that the Court stay all discovery against her pending resolution of her motion to dismiss for lack of personal jurisdiction.

---

[1]      As Mr. Gray's and Mr. Miller's reply demonstrates conclusively, plaintiffs simply had their facts wrong, and while a James Miller has apparently been to Philadelphia, it was not the James Miller who plaintiffs have named as a defendant here.

## II.  ARGUMENT

### A.  Plaintiffs Concede That Mrs. Gray Was The True Victim Here.

In their response to Messrs. Gray's and Miller's motion for a protective order, plaintiffs state that Mr. Gray and Mr. Miller "are desperate people, who have committed serious crimes." (*See* Pls.' Resp. to Mr. Gray, Mr. Miller and Investigative Services Agency, Inc.'s Motion to Quash Subpoenas at 3.)  Plaintiffs further contend that Mr. Gray "contrived a ruse to cover up his relationship with [Mrs. Umar] from his wife, defendant Karen Gray, convincing her that Plaintiffs were dangerous, and posed a threat to them." (*Id.* at 5.)  Significantly, plaintiffs concede that Mrs. Umar went along with Mr. Gray's alleged ruse "to scare his wife away from Plaintiffs." (*Id.*)  Plaintiffs then seek to connect this ruse with the alleged break-ins in violations of privacy they contend Mr. Miller caused, but confusedly claim that "Defendant Miller misrepresented the Defendants Douglas and Karen Gray had hired him and Defendant Investigative Services, Inc. because they had purportedly misrepresented that Plaintiff Umar had threatened defendant Douglas Gray." (*Id.* at 7.)

In response to Mrs. Gray's Motion for Protective Order and to Quash Subpoenas, plaintiffs change their story to fit their need.  Whereas in response to Messrs. Gray and Mr. Miller's motion, plaintiffs focus on the conduct of Messrs. Gray and Miller and Mrs. Umar in perpetuating a conspiratorial "ruse" to keep Mrs. Gray from learning the true nature of Mr. Gray's relationship with Mrs. Umar, plaintiffs contend in response to Mrs. Gray's motion that Mrs. Gray somehow was involved in the very conspiracy that was conceived and implemented to deceive her.  Plaintiffs further complicate what is already an unbelievable series of factual allegations so far as Mrs. Gray is concerned by failing to adduce any reliable evidence to support their elaborate but demonstrably implausible theory.  Similar to their impermissible reliance on bare allegations in opposition to Mrs. Gray's motion to dismiss for lack of personal jurisdiction,

plaintiffs fail to come forward with credible evidence to support their claim that Mrs. Gray was in any way involved in the allegedly unlawful conduct at issue here. Indeed, plaintiffs are now put in the untenable position of at once alleging that Messrs. Gray and Miller are not to be believed and that they have engaged in criminal activity, while asking the Court to credit hearsay statements attributed to them to compel discovery against Mrs. Gray.

Plaintiffs, however, cannot have it both ways. Nothing they have alleged in their Complaint or in their contradictory responses to defendants' motions to quash supports either personal jurisdiction over Mrs. Gray or the discovery plaintiffs seek here against her. Plaintiffs' spin of a conspiracy theory, under which Mrs. Gray is at once the conspiracy's victim and a participant, in no way compels the conclusion that Mrs. Gray should be subjected to discovery while her motion to dismiss for lack of personal jurisdiction remains pending.

**B.   No Discovery Should Occur Until Mrs. Gray's Motion To Dismiss For Lack Of Personal Jurisdiction Is Ruled Upon.**

In addition to attempting to implicate her in a conspiracy against herself, plaintiffs argue that Mrs. Gray will ultimately be required to participate in discovery whether she is a defendant or not and, therefore, she should be required to submit to discovery now. Plaintiffs' myopic view, which they support only with boilerplate quotations supporting requests for discovery generally but not where a motion to dismiss for lack of personal jurisdiction is pending, ignores the fact that there is a critical procedural distinction between whether Mrs. Gray participates in discovery as a defendant or as a third-party witness. The Federal Rules of Civil Procedure accord non-party witnesses substantial rights and protections not otherwise available to parties. *See, e.g.*, F.R.Civ.P. 45(c)(1), 45(c)(2)(B)(ii), 45(c)(3)(B)(iii), 45(c)(3)(C)(i), 45(c)(3)(C)(ii) and 45(d)(1)(D). Simply stated, contrary to plaintiffs' self-serving assertion, there is no equivalence between a non-party witness and a party when it comes to discovery.

Under these circumstances, and consistent with the many authorities Mrs. Gray previously cited, Mrs. Gray should not be subjected to discovery prematurely, but instead should have all discovery against her stayed pending resolution of her motion to dismiss for lack of personal jurisdiction.

### III. CONCLUSION

For the foregoing reasons, Mrs. Gray respectfully requests that the Court grant her motion to quash plaintiffs' subpoenas and issue a protective order pending resolution of her motion to dismiss for lack of personal jurisdiction.

Respectfully submitted,

/s/ David H. Pittinsky
David H. Pittinsky (I.D. No. 04552)
John C. Grugan (I.D. No. 83148)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Attorneys for Defendant
Karen Z. Gray

Dated: January 24, 2008

## CERTIFICATE OF SERVICE

   I, John C. Grugan, hereby certify that on January 24, 2008, the foregoing Reply of Karen Z. Gray in Support of Her Motion to Quash Subpoenas And For A Protective Order of was filed electronically and is available for viewing and downloading from the ECF System by the following:

      Timothy T. Myers
      Elliott Greenleaf & Siedzikowski, P.C.
      Union Meeting Corp. Center V
      925 Harvest Drive
      Blue Bell, PA 19422
      *Attorneys for Plaintiffs Correctional Medical Care, Inc., Maria Umar, and Emre Umar*

      Glenn Seiden
      Azulay, Horn & Seiden, LLC
      205 North Michigan Avenue
      40th Floor
      Chicago, IL 60501
      *Attorneys for J. Douglas Gray, Karen Z. Gray and Investigative Services, Inc.*

Date:  January 24, 2008      s/ John C. Grugan
               John C. Grugan